**AMERICAN RY. EXPRESS CO. v. BARNHART DRUG CO. (No. 7407.)**

Court of Civil Appeals of Texas. Austin. Sept. 25, 1929.

Rehearing Denied Nov. 6, 1929.

Harris, Harris & Sedberry, of San Angelo, and Wm. E. Davenport, of Wichita Falls, for appellant.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellee.

McCLENDON, C. J. Appeal from a judgment awarding appellee recovery in an action against appellant for the value of jewelry shipped from Barnhart, Tex., to St. Louis, Mo., and ordered reshipped from the latter to the former.

The property was destroyed by fire at St. Louis, and the question which controls the appeal is whether appellant's liability was that of carrier or warehouseman.

The following pertinent facts were shown without dispute: Shipment left Barnhart about January 15, 1927; arrived St. Louis, tendered to and refused by consignee, and placed in storage in appellant's warehouse January 17th. January 19th, appellant mailed appellee notice of refusal, stipulating: "Please at once present this notice to agent of express company whose receipt you hold, accompanied by written instructions for disposal." January 21st appellee received this notice and instructed appellant's Barnhart agent to reship the property to him, at the time guaranteeing the freight, and the Barnhart agent wrote the St. Louis agent in accordance with these instructions. The latter did not receive this letter until January 24th. Meanwhile, January 23d, the property was destroyed by fire. This method of handling shipments refused by a consignee was in accordance with appellant's general custom in the conduct of its business.

Appellant contends that when the shipment was refused by the consignee and the property placed in storage, its liability as carrier terminated and did not re-attach until a reasonable time to place the shipment in transportation had elapsed after notice to its Barnhart agent.

The general rule laid down in Elliott on Railroads, § 1404, is: "When the owner of goods has done all in his power and all that he is required to do by his understanding with the carrier or the usage of the business to further the shipment, and it becomes then the duty of the carrier to do whatever else is necessary to put them in transitu, the delivery and acceptance will be considered as complete from the time the carrier is informed that they are ready for him. No formal acceptance is necessary."

"If the thing to be done is something which it is the duty of the carrier to do, without further act on the part of the shipper, then the liability of the carrier attaches at once." 10 C. J. 225, and authorities under note 98.

Lehigh Valley R. Co. v. John Lysaght, 271 F. 906, is directly in point, the majority opinion of the Circuit Court of Appeals for the Second Circuit holding that where the liability of the carrier has terminated, that liability re-attaches upon notice to the carrier for further transportation. Justice Hough dissented, his holding being that the liability as warehouseman continued until reasonable time for putting the shipment in transportation had elapsed after receipt of the notice. The Supreme Court of the United States denied certiorari and dismissed error.

Closely analogous is the case of Galveston, H. & S. A. Ry. Co. v. La Tolteca Cia de Cemento Portland, S. A. (Tex. Civ. App.) 204 S.

W. 1016, 1017, which holds that where "there has been a shifting from the liability of a carrier to that of warehouseman," the former re-attaches "from the moment that it [the carrier] was notified that the car was ready for shipment."

■ Here the express company, both by general custom and by notice to appellee, authorized its Barnhart agent to receive instructions for further disposition of the property. When this was done and the charges guaranteed, a contract of reshipment was made and nothing further was left for appellee to do. It is immaterial what method appellant employed to transmit shipping instructions to its St. Louis agent, or when those instructions reached St. Louis. Appellant having thus entered into a contract of carriage and having the property in its possession, its liability as carrier at once arose.

The trial court's judgment is affirmed.

Affirmed.

#### On Motion For Rehearing.

■ In a relatively elaborate motion for rehearing, appellant contends for the first time that the Barnhart agent did not have authority to bind appellant in a contract of reshipment, citing Missouri, K. & T. Ry. Co. v. Belcher, 88 Tex. 549, 32 S. W. 518.

That case merely holds that a station agent has not apparent authority to bind the carrier by notice or contract concerning a shipment from another station.

The authority of the Barnhart agent was shown specifically (1) in the post card notice, which was headed, "Notice to shipper of Goods Undelivered" (manifestly on a printed form for use by appellant's agents); and (2) by undisputed evidence that this manner of handling undelivered shipments was in accordance with appellant's general custom.

We hardly see how it can reasonably be contended that the requisite *actual* authority was not conclusively shown in the present case, regardless of what ordinarily is the *apparent* scope of a station agent's authority.

The motion is overruled.

Overruled.